FILED BY _____ D.C.

05 JUL 29 AM 11: 10

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
## FOR WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

WEST TENNESSEE CHAPTER OF
ASSOCIATION BUILDERS and
CONSTRACTORS, INC.; and ZELLNER
CONSTRUCTION COMPANY, INC.,

    Plaintiffs,

vs.                                                                         Case No. 99-2001 D

**CITY OF MEMPHS,**

    Defendant.

## ORDER ADMINISTRATIVELY CLOSING CASE

It appears to the court that the parties have notified the court that they have resolved their dispute, however, they are completing the paperwork to memorialize the resolution. This court, therefore, will administratively close the above-captioned case pursuant to its inherent powers as it appears that no further case administration is warranted at this time.

It is expressly emphasized that an order administratively closing a case is purely an administrative device for the convenience of the court and in nowise affects the substantive and/or procedural rights of the parties in interest to proceed before this court at a later date. To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.

It also is expressly emphasized that an administratively closed case can be easily reopened

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on ___8-1-05___

161

by a simple order of the court without the necessity of a reopening filing fee should the case require further administration. Upon its reopening, the case then becomes, ipso facto, a statistically active case and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest. Accordingly,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. The Court Clerk is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive and/or procedural rights of any party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination of pending litigation.

2. In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

3. The Clerk is expressly directed to docket any order of dismissal immediately upon receipt.

**IT IS SO ORDERED** this __28__ day of __July__, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 161 in case 2:99-CV-02001 was distributed by fax, mail, or direct printing on August 1, 2005 to the parties listed.

---

Steven W. Dills
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Sara L. Hall
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Stephen L. Shields
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Robert L.J. Spence
SPENCEWALK, PLLC
One Commerce Square
Ste. 2200
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT