IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 26 PM 4:12

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| WEST TENNESSEE CHAPTER OF ASSOCIATED BUILDERS AND CONTRACTORS, INC.; and ZELLNER CONSTRUCTION COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MEMPHIS, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> NO. 99-2001-D |

## CONSENT DECREE

**1. INTRODUCTION**

1.1 This Consent Decree is entered into between Plaintiffs West Tennessee Chapter of Associated Builders and Contractors, Inc. ("ABC") and Zellner Construction Company, Inc. (collectively, "Plaintiffs"), and Defendant City of Memphis ("Defendant" or "City").

1.2 Plaintiffs have brought suit for declaratory and injunctive relief and damages against the Defendant in the United States District Court for the Western District of Tennessee, Western Division, Civil Action No. 99-2001-D (the "Lawsuit), in which they allege that the Defendant violated 42 U.S.C. §§ 1981, 1983, and 2000(d), 28 U.S.C. §§ 2201 and 2202, and the Fourteenth Amendment to the United States Constitution by enacting a Minority and Women Business Program under Ordinance No. 4388.

1.3 Defendant denies and continues to deny any and all liability or wrongdoing to the Plaintiffs. By entering into this Consent Decree, Defendant does not admit any impropriety, wrongdoing or liability of any kind whatsoever, including any as to the claims raised in the

This document entered on the docket sheet in compliance with Rule 58 and /9(a) FRCP on _____

Lawsuit, and on the contrary, expressly denies the same. Defendant has entered into this Consent Decree solely for the purpose of avoiding the expense, inconvenience, distraction and delay of this Lawsuit without admitting any wrongdoing or liability whatsoever.

## 2. CONDITIONS PRECEDENT TO THIS CONSENT DECREE

This Consent Decree shall be conditioned upon, and shall be effective only upon, the occurrence of all of the following conditions:

2.1 This Consent Decree must be signed by all of the Parties.

2.2 The Court must grant Final Approval of this Consent Decree and enter Judgment in accordance with the terms set forth herein.

## 3. TERM OF CONSENT DECREE

The term of this Consent Decree shall commence from the date of entry by the Court and continue for so long as the Court retains jurisdiction over this matter.

**NOW, THEREFORE,** for and in consideration of the commitments made below, the value of which is deemed sufficient by each of the Parties, the Parties enter into this Consent Decree and agree as follows:

## 4. MWBE PROGRAM

4.1 The parties agree that under the terms of this Consent decree the Defendant will not be required to modify, amend or change the MWBE Program in any manner.

## 5. ATTORNEYS' FEES

5.1 Defendant agrees to pay to the Plaintiffs, within sixty (60) days of the entry of this Consent Decree a sum of three hundred eighty-eight thousand dollars ($388,000.00) representing a portion of the attorneys' fees and costs related to the Lawsuit through the entry of this Consent Decree. This sum can be paid at the Defendant's discretion in two separate equal installments.

## 6. MWBE TASK FORCE

6.1 Defendant agrees that it will create a Task Force that will have the duty of reviewing the current MWBE Program and offering input and suggestions as to any modifications or amendments to the MWBE Program. This Task Force will consist of at least one member from the West Tennessee Chapter of Associated Builders and Contractors, Inc.

## 7. STRICT ENFORCEMENT

7.1 Defendant shall strictly enforce all provisions of the MWBE Program, particularly including but not limited to the graduation provisions.

## 8. DISPUTE RESOLUTION

8.1 The Court shall retain jurisdiction for the purpose of resolving any disputes as to any matter relating to this Consent Decree or the Defendants MWBE program, including with respect to the interpretation of any provision of this Consent Decree or with respect to the performance hereunder.

## 9. RELEASES

9.1 Plaintiffs agree that they, on behalf of themselves or on behalf of anyone else, including their respective successors or assigns, will not bring any action against Defendant challenging the Defendant's MWBE Program in any respect based on any legal theory; or that they, acting for themselves or through agents, employees, attorneys, both in-side and outside counsel, successors or assigns, will not assist in any way any other person or entity, in bringing any action against Defendant challenging the Defendant's MWBE Program on any legal theory. Plaintiffs hereby release, acquit and discharge Defendant from the Released Claims as defined in Paragraph 9.2 below.

9.2 The "Released Claims" are any and all past or present claims, rights, demands, charges, complaints, actions, causes of action, and liabilities of any kind, except as stated in Paragraph 9.3 below, including any and all such past or present claims for injunctive relief, declaratory relief, fees, costs or damages, arising on or before entry of this Consent Decree, that relate to the Defendant MWBE program.

9.3 The "Released Claims" do not include, and Plaintiffs do not release, any claims relating to any Minority and Women Business Enterprise Program of Defendant enacted after June 30, 2006, or any extension of Defendant's current MWBE plan beyond its current sunset date of June 30, 2006.

## 10. COMMUNICATON TO THE PARTIES

Any notice or communication required or permitted to be given to any party under this Consent Decree shall be given in writing by depositing it in the U.S. Mail, addresses as follows:

To Plaintiffs:
    Stephen L. Shields
    JACKSON, SHIELDS & YEISER
    262 German Oak Drive
    Memphis, Tennessee 38018

To Defendant:
    Sara Hall, City Attorney
    CITY OF MEMPHIS
    125 North Main Street, Room 336
    Memphis, Tennessee 38103

With a copy to:
    Robert L. J. Spence, Jr.
    SPENCE WALK, PLLC
    One Commerce Square, Suite 2200
    Memphis, Tennessee 38103

If any of the above addresses change, it is the responsibility of the Party whose address is changing to give written notice of said change to all parties within (30) business days following the effective date of said change.

## 11. ENTIRE AGREEMENT

This consent decree sets forth the entire agreement and understanding of the Parties, and, upon entry of this Consent Decree and continuing thereafter, shall superseded all prior agreements, arrangements and understandings between the parties. No representation, warranty, promise, inducement or agreement (oral or otherwise) not set forth in this consent decree shall be binding upon the parties.

## 12. MODIFICATION OR WAIVER OF CONSENT DECREE

No term or provision of this Consent Decree may be modified or extinguished, in whole or in part, except by a writing which is dated and signed by all Parties. No waiver of any of the provisions or conditions of this Consent Decree or of any of the rights, powers or privileges of a party hereto shall be effective or binding unless in writing and signed by the party claimed to have given or consented to such waiver.

13. **FREE AND VOLUNTARY ACT; NO MISTAKE**

    13.1  The Parties acknowledge that they discussed this Consent Decree with their respective attorneys in the lawsuit before signing this Consent decree, that they were represented by their attorneys in the Lawsuit, in the negotiations and preparation of this Consent Decree, that they have carefully read and understand each of the terms of this Consent Decree and that they have knowingly and voluntarily signed this Consent Decree as their own free act, without coercion or duress.

    13.2  The individual signing this Consent Decree on behalf of the Plaintiffs agrees and acknowledges that he/she has the authority to bind the Plaintiffs to this Consent Decree.

    13.3  Each of the Parties forever waives all rights to assert that this Consent Decree was the result of a mistake of law or fact.

14. **INTERPRETATION OF AGREEMENT**

Each party acknowledges and stipulates that the compromise and settlement which forms the basis of this Consent Decree have been arrived at after thorough bargaining and negotiation and represent a final mutually agreeable compromise of matters provided herein. The Consent Decree shall not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the parties, it being recognized that, because of the arm's-length negotiations between the parties, all parties hereto have contributed substantially and materially to the preparation of this Consent Decree.

15. **HEADINGS**

The headings contained in this Consent Decree are for convenience only, do not constitute part of the Consent Decree and shall not limit, be used to interpret or otherwise affect in any way the provisions of the Consent Decree.

16. **EXECUTION OF AGREEMENT**

This Consent decree may be executed in multiple parts, each of which shall be deemed and original and all of which together shall constitute one and the same instrument.

IT IS SO ORDERED this __26__ day of __August__, 2005.

_____
HONORABLE BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

APPROVED & AGREED:


_____
Stephen L. Shields
JACKSON, SHIELDS & YEISER
262 German Oak Drive
Memphis, Tennessee 38018
(901) 754-8001

Attorney for Plaintiffs West Tennessee
Chapter of Associated Builders and
Contractors, Inc. ("ABC"), and
Zellner Construction Company, Inc.



_____
Robert L. J. Spence, Jr.
SPENCE WALK, PLLC
One Commerce Square, Suite 2200
Memphis, Tennessee 38103
(901) 312-9160

Attorney for Defendant City of Memphis

6

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 162 in case 2:99-CV-02001 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

Robert L.J. Spence
SPENCEWALK, PLLC
One Commerce Square
Ste. 2200
Memphis, TN 38103

Stephen L. Shields
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Sara L. Hall
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Steven W. Dills
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Honorable Bernice Donald
US DISTRICT COURT